CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

MAR 20 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELANIE A. KIMREY, | ) |
| | ) Civil Action No. 7:07CV00416 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| v. | ) |
| | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| AMERICAN BANKERS LIFE | ) |
| ASSURANCE COMPANY | ) |
| OF FLORIDA, | ) |
| | ) |
| Defendant. | ) |

Melanie Kimrey ("Kimrey") brought this suit against defendant American Bankers Life Assurance Company ("ABA") to recover damages for ABA's refusal to pay a claim on an accidental death insurance policy following the death of her husband in a traffic accident. ABA removed the case from the Montgomery County Circuit Court pursuant to this court's diversity jurisdiction. 28 U.S.C. § 1331 (2000). The case is now before the court on ABA's motion for judgment on the pleadings. ABA argues that the Kimreys were not covered under the policy because an insurance contract was not formed between ABA and Kimrey before her husband's death. The court finds that a reasonable person in Kimrey's position would have believed that the ABA enrollment form was an offer and that she could accept by completing and mailing the form, creating a contract of insurance. Therefore, the court denies ABA's motion for judgment on the pleadings.

I

ABA offered "Accidental Death Insurance" to Kimrey and her husband in connection with the mortgage on their house. ABA inserted a document in the mortgage closing papers

which carried the heading "Enrollment Form." (Compl. Ex. D.) ABA's enrollment form listed three steps to enroll, to insure the Kimreys against accidental death for the remainder of their mortgage:

1. Check single or joint coverage
2. Complete non-shaded areas, including your signature
3. Mail back the enclosed envelope

(Compl. Ex. D.) The form stated that by enrolling the customer would get "6 months of complimentary coverage," and noted that once enrolled, the insured would receive a certificate of insurance that contained his or her effective date of coverage. (Compl. Ex. B.) Nothing in the form suggested that the effective date would not be the date on which the completed form was mailed or that it would be a future date. Throughout, ABA referred to the form as an "enrollment form" and never as an application. (Compl. Ex. A-D.)

According to her complaint, Kimrey completed and mailed the form on or about April 5, 2006. On April 22, 2006, Mr. Kimrey was killed in an automobile accident, and ABA denied coverage.

## II

ABA argues that Kimrey's completed enrollment form was an offer to contract for insurance by Kimrey that could be accepted only by ABA issuing a certificate of insurance containing an effective date of its choice. Kimrey argues that the ABA enrollment form constituted an offer to insure, which she accepted by completing and mailing the form, with coverage beginning from that date. Applying Virginia's objective theory of contract, the court finds that a reasonable person in Kimrey's position would have believed that the ABA enrollment form was an offer of insurance which could be accepted by completing and mailing

2

the form. Accordingly, the court finds that Kimrey's allegations provide sufficient factual support for her claim that an insurance contract was formed and coverage commenced before her husband's accident. Therefore, the court denies ABA's motion for judgment on the pleadings.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard that applies to a motion to dismiss for failing to state a claim under Rule 12(b)(6). Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). Thus, in ruling on a 12(c) motion, the court accepts the relevant pleadings as true and draws inferences in favor of the non-moving party. Id. Accepting this, the court will grant a defendant's Rule 12(c) motion if the plaintiff's pleadings provide "enough factual matter (taken as true) to suggest that a [contract] was made." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (holding that in order to withstand a 12(b)(6) motion, a plaintiff's factual allegations must raise her right to relief above the speculative level).

Virginia courts apply the objective theory of contract to determine whether an offer was made and whether that offer was accepted, forming a contract. Utica Mut. Ins. Co. v. Atl. Foundations, Inc., 2007 WL 2318031, at *3 (E.D. Va. Aug. 8, 2007) ("Virginia applies an objective theory of contracts. . . ."); Jarrett v. Goldman, 2005 WL 1323115, at *17 (Va. Cir. Ct. May 31, 2005) ("The objective theory of contract, which controls in Virginia . . . ."); Adams v. Doughtie, 2003 WL 23140076 at *12 (Va. Cir. Ct. Dec. 31, 2003) (stating that the objective theory of contract controls in Virginia); see Chesapeake Paper Prod. Co. v. Stone & Webster Eng. Corp., 51 F.3d 1229, 1238 (4th Cir. 1995) (affirming the application of Virginia's objective theory of contracts). Under the objective theory of contract "an offer has been made if a reasonable person in the offeree's position, in view of the offeror's acts and words and the

surrounding circumstances, would believe that the offeror has invited the offeree's acceptance." Commonwealth v. Stewart, 2004 WL 2387053, at *14 (Va. Cir. Ct. Oct, 19 2004) (citing Chang v. First Colonial Savings Bank, 410 S.E.2d 928, 931 (Va. 1991); Richmond Eng. Corp. v. Loth, 115 S.E.2d 774, 782-6 (Va. 1923)). The offer to contract is "a manifestation of a willingness to enter a bargain" which "identifies the bargained-for exchange and creates a power of acceptance in the offeree." Chang, 410 S.E.2d at 930-31 (quoting Restatement (Second) of Contracts § 24 (1979)). Where an offer has been made, Virginia courts apply the "mailbox rule" which provides that a contract is formed upon mailing the acceptance. Trinity Homes, LLC v. Fang, 2003 WL 22699791, at *2 (Va. Cir. 2003) (citing Tayloe v. Merchants' Fire Ins. Co., 50 U.S. 390, 400-02 (1850), for the principle that where a non-negotiable offer is made, mailing the acceptance constitutes consummation of the contract).

Under Virginia law, an insurance application is considered an offer to enter a contract which the insurer may accept or reject after determining whether the applicant is a desirable risk. Hayes v. Durham Life Ins. Co., 96 S.E.2d 19 (Va. 1957). This is so because, typically, an application is precisely that – an application that could be accepted or rejected. Under the objective theory of contract, a reasonable person would view an application as an offer subject to the insurer's acceptance, not the acceptance of an insurer's offer. But the paradigm can shift. The insurer could offer insurance that an offeree could accept. The insurer could market its insurance in such a way that a reasonable person in the offeree's position, in view of the offeror's acts and words and the surrounding circumstances, would believe that the offeror has invited the offeree's acceptance.

With these precepts in mind, the court concludes that Kimrey's complaint alleges the

formation of a contract of insurance. A reasonable person in Kimrey's position would have believed that the ABA enrollment form was an offer that she could accept by completing and mailing the form. The ABA enrollment form outlined the terms of the offered policy: the coverage, the exclusions, and the amount of the benefits. The terms of the insurance were predetermined by ABA and not open to any future negotiation. The enrollment form manifested ABA's willingness to enter a bargain, guaranteeing coverage to the applicant and identified the non-negotiable terms of the exchange, the non-negotiable policy details. No statement in the documents expressed or implied that coverage would not begin immediately. The enrollment form, with headings like "Why Wait? Enroll Today . . . ," left a reasonable person to understand that he had the power to accept this offer and that he would receive coverage by taking the prescribed steps, completing and mailing the form.[1]

---

[1] ABA argues that an applicant for life insurance is not covered until a policy is issued citing a line of Virginia cases. Elliott v. Interstate Life & Accident Ins. Co., 176 S.E.2d 314 (Va. 1970) (holding that a solicitor cannot bind an insurer to a contract of insurance so that coverage only commences once the insurer issues the policy); Hayes v. Durham Life Ins. Co., 96 S.E.2d 109 (Va. 1957) (holding that an application for life insurance will not form a contract of insurance until the insurer examines the applicant, sets the premiums to be paid, and issues a policy): Peoples Life Ins. Co. v. Parker, 20 S.E.2d 485 (Va. 1942) (holding that where an insurance agent does not have authority to approve an application for insurance, the agent's oral contract for insurance does not bind the insurer). In each of these cases, however, the application was clearly identified as an application and nothing positioned it as an offer of insurance that could be accepted by the prospective insured. It would not have been objectively reasonable for the prospective insured to expect that he was immediately covered once he completed and returned the application. In each case ABA cites, the insurance application expressly stated that it was not binding on the insurance company and that coverage would not commence until a policy was issued. Further, in Elliott and Hayes, the applicant still had to submit to a medical examination after his application before the insurer issued the policy. Elliott, 176 S.E.2d at 316; Hayes, 96 S.E.2d at 109.

Kimrey cites a number of cases from other jurisdictions where an application has been found to be an offer for insurance. Klos v. Mobil Oil Co., 259 A.2d 889, 892 (N.J. 1969) ("there is nothing for [the insured] or [the insurer] to do after the application is made other than the latter's purely mechanical operation of processing the matter . . . the sending of the letter, brochure and application form constituted an offer by [the insurer] which could be accepted by

5

# III

For the reasons stated, the court finds that a reasonable person in Kimrey's position would have believed that the ABA enrollment form was an offer which she could accept by completing and mailing the form. Accordingly, the court finds that Kimrey's allegations provide sufficient factual support to raise her right to relief on her complaint above a speculative level. Bell Atl., 127 S.Ct. at 1965. Therefore, ABA's motion for judgment on the pleadings is **DENIED**.

**ENTER:** This 20th day of March, 2008.

UNITED STATES DISTRICT JUDGE

---

[the insured].") Griffin v. State Farm Fire & Cas. Co., 104 P.3d 283 (Colo. Ct. App. 2005) ("if the insurer manifests an intent to insure upon the completion of the application, states that no review or underwriting is required upon receipt of an application, or states that issuance of a policy is otherwise guaranteed, then the application is an offer of insurance.") (citing Fleming v. Monumental Life Ins. Co., 154 F.3d 1001, 1004 (9th Cir. 1998)); Fritz v. Old Am. Ins. Co., 354 F.Supp. 514 (S.D. Tex. 1973) ("The individual in [the insured]'s position could justifiably assume that if he correctly filled out the application and mailed it, he was then covered by the promised insurance. In legal terms, the brochure and application constitute an offer by the insurance company. Deposit of the completed application into the mails is acceptance by the individual. And coverage under the policy begins immediately upon acceptance."); Blumberg v. Paul Revere Life Ins. Co., 677 N.Y.S.2d 412, 414 (N.Y. Sup. Ct. 1998) (finding that where literature spells out the terms of insurance and the intention to accept the applicant, nothing is left open to negotiate, the insured can reasonably expect to be covered upon completing the application, and completing the application completes the acceptance). The court finds it unnecessary to decide whether the reasoning of these cases is consistent with Virginia's rule that an application, denominated as such, is not ordinarily considered an offer of insurance. Instead, the court resolves the question before it on Virginia's objective theory of contract.